IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 747 |
| v. | ) | |
| | ) | Judge David H. Coar |
| JERROD SANDERS | ) | |

## NOTICE OF FILING

To: Julie B. Ruder
Assistant United States Attorney
219 S. Dearborn St., 5th Floor
Chicago, Illinois 60604

Please take notice that on this 22nd day of August, 2008, the undersigned filed the following document(s) in the above-captioned cause, a copy of which is attached hereto.

– **DEFENDANT SANDERS' MOTION IN LIMINE SEEKING TO BAR EVIDENCE OF GANG MEMBERSHIP**

FEDERAL DEFENDER PROGRAM
Terence F. MacCarthy
Executive Director

By: _s/Imani Chiphe_
Imani Chiphe

IMANI CHIPHE
FEDERAL DEFENDER PROGRAM
55 East Monroe Street, Suite #2800
Chicago, IL   60603
(312) 621-8349

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 747 |
| v. | ) | |
| | ) | Judge David H. Coar |
| JERROD SANDERS | ) | |

### DEFENDANT SANDERS' MOTION IN LIMINE
### SEEKING TO BAR EVIDENCE OF GANG MEMBERSHIP

JERROD SANDERS, by the Federal Defender Program and its attorneys, Imani Chiphe and Daniel Hesler, hereby submits the following motion asking this Honorable Court to order prohibit under FRE 402 and 403 the introduction at trial of any evidence or mention of gang membership with respect to Mr. Sanders. In further support of this motion, defendant states as follows:

**Factual Background**

Jerrod Sanders is charged with possessing a firearm as a felon on July 14, 2007. The defense anticipates stipulating to Mr. Sanders' status as a previously convicted felon pursuant to *United States v. Old Chief,* 117 S. Ct. 644 (1997). There is some indication in the discovery materials that Mr. Sanders have had (at some point) some ties to the Gangster Disciples street gang. (The gang membership evidence primarily comes from records from prior incarceration. There is no

-1-

mention of gang affiliation in the July 2007 arrest reports.)

**Discussion**

Gang membership and affiliation evidence is uniquely qualified to have a substantial prejudicial effect on the rights of the accused. *See United States v. Irvin*, 87 F.3d 860, 864-865 (7th Cir. 1996). The Seventh Circuit in *Irvin* acknowledged that: "[g]angs generally arouse negative connotations and often invoke images of criminal activity and deviant behavior." *Id.*, 87 F.3d at 865. There is a real possibility that a jury will attach a propensity of committing crimes to defendants affiliated with gangs as, "[g]uilt by association is a genuine concern whenever gang evidence is admitted." *Id*.

In the present case, danger of unfair prejudice to Mr. Sanders substantially outweighs any probative value of reference to gang membership or prior gang affiliation in this case. Rule 402 of the Federal Rules of Evidence provides that evidence which is not relevant is not admissible. Fed. R. Evid. 402. In this case, whether or not Mr. Sanders is or ever was a gang member is not relevant because it does not make any fact at issue in the instant case more or less probable. *See* Fed. R. Evid. 401. The charged conduct has nothing to do with gang affiliation. As such, it is irrelevant.

Furthermore, disclosing to a jury that Mr. Sanders may have been at one

time affiliated with a street gang would run afoul of Rule 403 of the Federal Rules of Evidence. Rule 403 provides that, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . . ." Fed. R. Evid. 403. It would be unfairly prejudicial, confusing, and misleading to the jury to admit any evidence of gang affiliation. Any possible probative value of such evidence of gang affiliation is substantially outweighed by the unfair prejudice that such evidence would introduce. A jury might infer that because Mr. Sanders is in a gang, he must have possessed guns.

Additionally, there is no reason why evidence of gang affiliation is required to establish any background or to "tell the story" in this case. In this case, the story begins and ends with a police raid on an afterhours party on the morning of July 14, 2007. The characteristic that united the persons present at that party was simply that they were at that party. This is not a case about gang membership.

**Conclusion**

Mr. Sanders has not been charged with any alleged gang activities, nor is any information about his gang affiliation an element of the charge against him. Permitting any evidence of gang affiliation in this case, where no gang related

activity alleged, would be unduly prejudicial to the defendant and the defense respectfully requests any such speculation or evidence be preemptively excluded.

WHEREFORE, Mr. Sanders respectfully requests that this Honorable Court issue an order barring the government or its witnesses from introducing any evidence of alleged gang membership in this trial.

                        Respectfully submitted,

                        FEDERAL DEFENDER PROGRAM
                        Terence F. MacCarthy
                        Executive Director

By:   s/*Imani Chiphe*
         Imani Chiphe

By:   s/*Daniel J. Hesler*
         Daniel Hesler

IMANI CHIPHE
DANIEL HESLER
FEDERAL DEFENDER PROGRAM
55 E. Monroe Street, Suite 2800
Chicago, IL 60603
(312) 621-8300

-4-

## CERTIFICATE OF SERVICE

The undersigned, Imani Chiphe , an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CRIM. P. 49, FED. R. CIV. P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

**DEFENDANT SANDERS' MOTION IN LIMINE
SEEKING TO BAR EVIDENCE OF GANG MEMBERSHIP**

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on August 22 , 2008, to counsel/parties that are non-ECF filers.

By:  s/*Imani Chiphe*
IMANI CHIPHE
FEDERAL DEFENDER PROGRAM
55 E. Monroe St., Suite 2800
Chicago, Illinois 60603
(312) 621-8349

-5-