UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 747 |
| v. | ) | Judge David H. Coar |
| | ) | |
| JERROD SANDERS | ) | |

GOVERNMENT'S PROPOSED FORFEITURE JURY INSTRUCTIONS

The United States submits the following proposed jury instructions relating to the criminal

forfeiture allegations in the indictment.  These instructions are applicable in the event that the

defendant is convicted of Count One as charged in the indictment.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/Julie Ruder
    JULIE RUDER
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-5300

Members of the jury, in view of your verdict that defendant JERROD SANDERS is guilty, you have one more task to perform before you are discharged. You must make a determination concerning property that the indictment alleges is subject to forfeiture to the United States. Except as otherwise instructed, you should consider all the evidence in the case. Further, all instructions previously given to you concerning your consideration of the evidence, the credibility of the witnesses, your duty to deliberate together, and the necessity of reaching a unanimous verdict, will apply during your supplemental deliberations concerning the forfeiture allegations.

The indictment charges the defendant, JERROD SANDERS, with the offense of possessing a firearm, after having been previously convicted of a crime punishable by imprisonment for a term exceeding one year. Since you have determined that the defendant is guilty of this offense, as charged in the indictment, you must now decide whether certain property as alleged in the indictment is subject to forfeiture, under Section 924(d)(1) of Title 18, which provides, in part:

> (d)(1)    Any firearm or ammunition involved in or used in any knowing violation of [the offense of possessing a firearm after having been previously convicted of a crime punishable by imprisonment for a term exceeding one year;]...shall be subject to seizure and forfeiture, as the result of such violation.

In this case, the United States alleges that the defendant's interest in certain property, namely, one Hi-Point 9mm semi-automatic handgun, model C9, serial number P102541, is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) because it was involved in the offense of conviction.

"Forfeiture" in this case means the defendant is to be divested or deprived of his ownership or his interest, if any, in the firearm, as a penalty for committing a violation of certain federal laws. Property subject to forfeiture includes personal property and an "interest" in property is the most general term that can be employed to denote a right, claim, title or legal share in the property.

In your consideration of the forfeiture allegations, you are instructed that your previous determination that the defendant is guilty is final and conclusive. You must not seek to discuss or reconsider the guilt or innocence of the defendant.

_____

18 U.S.C. § 924(d)(1)

28 U.S.C. § 2461(c)

Fed.R.Crim.P. 32.2

*United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1576-77 (9th Cir. 1989),*cert. denied*, 110 S.Ct. 3237 (1990)(defines "forfeiture").

*United States v. Martino*, 681 F.2d 952, 954 (5th Cir. 1981), *aff'd Russello v. United States*, 104 S. Ct. 296 (1983)("Interest" defined).

Granted _____

Denied _____

You are instructed that as to the claim of forfeiture, the United States must establish by a preponderance of the evidence that:

(1)    The firearm was involved in a knowing violation of 18 U.S.C. § 922(g)(1);

To establish by a preponderance of the evidence means to prove something is more likely so than not so.  In other words, a preponderance of the evidence, in this case, means such evidence as, when considered and compared with that opposed to it, has more convincing force; that what is to be proved is more likely true than not true.

As I have stated, you may find that the property I have described is forfeitable if it was involved in the commission of the offense of conviction.

---

*Libretti v. U.S.*  516 U.S. 29 (1995)

18 U.S.C. § 924(d)(1)

28 U.S.C. § 2461(c)

Fed.R.Crim.P. 32.2

Granted    _____

Denied    _____

A verdict form entitled "Special Forfeiture Verdict Form" has been prepared for your use in deciding the forfeiture questions. With respect to the firearm, you are asked to determine whether the item is subject to forfeiture to the United States.

Once you have unanimously decided the answer to the question on the verdict form, your foreperson should place an "X", or check mark, on the appropriate line, fill in the date, and each of you should sign the verdict form. I will not read this verdict form to you at this time. The verdict form is self-explanatory.

When you have answered the question and signed the Special Forfeiture Verdict Form, please notify the Court Security Officer. When you have returned the verdict in open court, your job as the jury in this case will be at an end.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA      )
                                       )   No. 07 CR 747

v.                                     )   Judge David H. Coar

                                       )

JERROD SANDERS                )

## SPECIAL FORFEITURE VERDICT FORM

(Place an "X", or check mark, on the appropriate line.)

The United States alleges that a firearm, namely, one Hi-Point 9mm semi-automatic handgun, model C9, serial number P102541, is subject to forfeiture because it was involved in a violation of 18 U.S.C. § 922(g); specifically, defendant, JERROD SANDERS having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, in and affecting interstate commerce;

A.  Should the firearm, possessed by defendant JERROD SANDERS, namely, one Hi-Point 9mm semi-automatic handgun, model C9, serial number P102541, be forfeited to the United States?

Yes _____        No _____

_____          _____
Foreperson

_____          _____


_____          _____


_____          _____


_____          _____

                                 Date: _____

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 07 CR 747 |
| | ) | Judge David H. Coar |
| JERROD SANDERS | ) | |

## **WAIVER OF FORFEITURE DETERMINATION BY JURY**

Comes now, JERROD SANDERS, defendant in the above-entitled matter, and by Imani

Chiphe, his attorney, states as follows:

1.  On November 13, 2007, defendant JERROD SANDERS was charged with illegally possessing a firearm in violation of 18 U.S.C. § 922(g)(1).  The indictment included allegations that certain property is subject to forfeiture;

2.  In the event defendant JERROD SANDERS is found guilty of the charged offenses requiring forfeiture, he has a right to have a jury decide whether certain property belonging to him is subject to forfeiture to the United States pursuant to the provisions of 18 U.S.C. § 924(d)(1), by a preponderance of the evidence;

3.  The verdict of the jury on the forfeiture allegation must be unanimous;

4.  Defendant has had an opportunity to discuss this waiver with his counsel and he understands that by signing this waiver he relinquishes his rights to have a jury consider whether certain property is subject to forfeiture;

5.  If a jury is waived, the judge alone will decide whether certain property belonging to the defendant is subject to forfeiture to the United States pursuant to the provisions of 18 U.S.C. § 924(d)(1);

6.    Understanding the above, defendant hereby waives his right to a jury determination of the forfeiture allegation and agrees, instead, to allow the court to determine issues relating to the forfeiture.

_____
JERROD SANDERS
Defendant

_____
IMANI CHIPHE
Attorney for Defendant

PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby consents to the waiver by the above-named defendant of a jury determination of the forfeiture allegations in the above-entitled matter.

PATRICK J. FITZGERALD
United States Attorney

By:_____
JULIE RUDER
Assistant United States Attorney

7.    Having considered all of the circumstances surrounding the defendant's choice of a non-jury determination of the forfeiture allegations and the due administration of justice, the defendant's waiver of his right to a jury determination of the forfeiture allegations is approved.

_____
DAVID H. COAR
United States District Judge