UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 07 CR 747 |
| | ) | Hon. David H. Coar |
| JERROD SANDERS | ) | |

## JURY INSTRUCTIONS (FINAL)

The UNITED STATES OF AMERICA, through its attorney PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby submits the attached final jury instructions.

Dated:  August 28, 2008          Respectfully submitted,
                                 PATRICK J. FITZGERALD
                                 United States Attorney

                    By:   s/ Julie B. Ruder_____
                          JULIE B. RUDER
                          STEVEN A. BLOCK
                          Assistant United States Attorney
                          219 South Dearborn Street
                          Chicago, Illinois 60604
                          (312) 886-1317

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the witness's intelligence;

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime which has been charged, such as an eyewitness. Circumstantial evidence is the proof of a series of facts which tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including the circumstantial evidence, should be considered by you in reaching your verdict.

Certain things are not evidence. I will list them for you:

First, testimony that I struck from the record, or that I told you to disregard, is not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper. You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence. The purpose of these statements is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

It is proper for an attorney to interview any witness in preparation for trial.

The indictment in this case is the formal method of accusing the defendant of an offense and placing the defendant on trial. It is not evidence against the defendant and does not create any inference of guilt.

The defendant is charged in the indictment with the offense of possessing a firearm after having been previously convicted of a crime punishable by imprisonment for a term exceeding one year.

The defendant has pleaded not guilty to the charge.

The defendant is presumed to be innocent of the charge. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged. The government has the burden of proving the guilt of the defendant beyond a reasonable doubt.

This burden of proof stays with the government throughout the case. The defendant is never required to prove his innocence or to produce any evidence at all.

The defendant has an absolute right not to testify.  The fact that the defendant did not testify should not be considered by you in any way in arriving at your verdict.

You have received evidence of statements said to be made by defendant Jerrod Sanders to state law enforcement officers. You must decide whether the defendant did in fact make the statements. If you find that the defendant did make the statements, then you must decide what weight, if any, you feel the statements deserve. In making this decision, you should consider all matters in evidence having to do with the statements, including those concerning the defendant himself and the circumstances under which the statements were made.

You have heard evidence that at some time before July 14, 2007, defendant had been convicted of a felony, which is a crime punishable by imprisonment for a term exceeding one year. You may consider this evidence only on the question of whether defendant had been convicted of an offense that was punishable by a term of imprisonment of more than one year as of the date alleged in the indictment.  You may not consider this evidence for any other purpose.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualifications, and all of the other evidence in the case.

To sustain the charge of unlawful possession of a firearm as charged in the indictment, the government must prove the following propositions:

First, that prior to on or about July 14, 2007, the defendant had been convicted of a crime that was punishable by a term of imprisonment of more than one year;

Second, that on or about July 14, 2007, the defendant knowingly possessed a firearm; and

Third, that the firearm possessed by the defendant had traveled in interstate commerce prior to defendant's possession of it on that date.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you must find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you must find the defendant not guilty.

14

The parties have stipulated that: (1) prior to on or about July 14, 2007, the defendant had been convicted of a crime that was punishable by a term of imprisonment of more than one year; and (2) the firearm at issue had traveled in interstate commerce prior to July 14, 2007. You should accept these stipulations as proven facts.

When the word "knowingly" is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident.  Knowledge may be proved by the defendant's conduct, and by all the facts and circumstances surrounding the case.

Possession of an object is the ability to control it.

A person need not own an object to possess it.

Upon retiring to the jury room, select one of your number as your foreperson. The foreperson will preside over your deliberations and will be your representative here in court. Forms of verdict have been prepared for you. [Forms of verdict read.] Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the appropriate form, and each of you will sign it.

I do not anticipate that you will need to communicate with me.  If you do, however, the only proper way is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the marshal.  With respect to any message or question that you provide to the court during your deliberations, please do not state or specify your numerical division at any time; that is, do not inform the court or even hint at how many among you were or are in favor or against reaching any particular verdict.

The verdict must represent the considered judgment of each juror. Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

If you find the defendant guilty, it will then be my job to decide what punishment should be imposed. In considering the evidence and arguments that have been given during the trial, you should not guess about the punishment. It should not enter into your consideration or discussions at any time.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA          )
                                  )
                v.                )        No. 07 CR 747
                                  )        Hon. David H. Coar
JERROD SANDERS                    )

## VERDICT

We, the jury, find the defendant, JERROD SANDERS,

NOT GUILTY_____          GUILTY_____

as charged in the Indictment.

_____

FOREPERSON

_____

_____

_____

_____

_____

Date

<u>CERTIFICATE OF SERVICE</u>

The undersigned Assistant United States Attorney hereby certifies that the following document:

Jury Instructions (Final)

was served on August 28, 2008, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

s/ Julie B. Ruder
JULIE B. RUDER
STEVEN A. BLOCK
Assistant United States Attorneys
219 South Dearborn Street
Chicago, Illinois
(312) 886-1317